ELWOOD GALLAGHER, APPELLANT, v. FRED DECKER, RESPONDENT.

Submitted January 22, 1947—Decided April 29, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the appellant, *Henry Hammer.*

For the respondent, *Seymour A. Smith.*

The opinion of the court was delivered by

PARKER, J. The suit was for malicious prosecution and there was a judgment for the defendant in the District Court.

The defendant, respondent on appeal, owned a house and grounds, and had rented the second floor of the house to a married man who was called away in the armed forces, and he, according to the testimony of the plaintiff, had asked the plaintiff to look after his wife and family and help her in various ways.

Based on these facts, there can be no question, and there seems to be no dispute, that the defendant Decker, by reason of the premises, was legally an invitee so far as concerned the second floor of the house rented as just stated, together with suitable ingress, egress and other incidental features of the renting. Based on that situation, the respondent Decker was entitled, as an invitee, to enter the house and go upstairs to the rented flat, and (on invitation, express or implied, of the tenant), to visit any portion of the premises included in the lease; but not any portion not so included, unless as a neces-

sary means of communication with an included portion; in particular for instance, the cellar, the garage, and the potato patch, mentioned in the state of the case. To that extent, or any part thereof, except as just noted, he would be a trespasser, and civilly liable as such: though we cannot discern any criminal liability.

The owner of the fee, defendant in the case, filed two criminal complaints against the plaintiff. The first complaint was under the "Loitering" Act, *R. S.* 2:202–7. That seems to be out of the present case. The second complaint was under the "blanket" clause in the statute, *R. S.* 2:103–1, which, after specifically naming some offenses, refers generally to "all other offenses of an indictable nature at common law."

The suit, as stated first above, is for malicious prosecution. The trial court found as a fact that the complaint was without malice and in self protection under misapprehension of the law. In fact, the defendant did obtain a discontinuance of the trespasses.

We consider that the finding of the trial court in finding for the defendant was a sensible one, and should be affirmed. Such will be the order.

The case is submitted on briefs without oral argument; and in the brief for the appellant some question is raised with regard to the rulings of the trial court on the admission of testimony.

Our conclusion on this point is, that while there may be some doubt as to the strict propriety of some of these rulings, in view of the fact that the case was heard without a jury and that the decision was based upon the finding of fact that the defendant had reasonable cause for making the complaint in question, no legal harm to the plaintiff appears.